Stone v. Wright is for argument next. The judgment in the district court has several bases, all of which I need to address. I think the first is whether or not this should be a federal case. The facts here are that there was an incident in a Clinton store on March 19th or 14th where the defendant was taking her two-year-old ward to the car from the store and there was one of those typical two-year-old events where the child has a tantrum because they don't get what they want and some of the people in the store reacted by calling the police. On March 21st, two days after that, the defendant, Doyle Wright, who is the chief deputy of the and determined that it was uncertain what had happened at that time. He also caused the Child Protective Services to make an investigation and examine the child on 3-21-14. This is a day and a half, two days after this supposed event, the first time anyone outside the household had had any occasion to see the child. About five weeks later, on May 9th, Mr. Wright swore an affidavit to the prosecutor of Vermilion County that said that there had been serious bodily injury inflicted on March 19th, including bruising and marks on the throat. That caused an 11-30-at-night raid on the Stones' house, arrest, jail, and of course bonding out. So she was charged with felony battery with serious injury on a child at that time. That charge stayed pending until 5-9-14, some 354 days later, accompanied by a no-contact order issued that she could not have any contact with her child. The practical effect, of course, was that she was ostracized from her own home, she had the extra expensive place to live, all the psychological and family problems that that imposed, and that then was what happened to Ms. Stone. In determining, at that point then, the judge of the circuit court directed that the charge be dismissed, and it was dismissed. So in terms of the charge here in suit, the judge in the district court said that we had to have a specific amendment to wrap around before we had a right to come to federal court. In this case, I tried to figure out what a specific one to wrap around would be. What we have here is a conspiracy between a policeman and a prosecutor. We have almost a year, almost a year and a half of the effects of that charge, and nothing done. You probably are aware, I'm sure you are, that in Indiana we have no, we have almost an absolute immunity, and we're cursed with that. The police, whatever they do, they do, and all the rest of us can do is wonder about it, who will do something. If the prosecutor goes along, then you have absolutely no remedy. My decision was, I didn't know where to put that, but I knew it's a constitutional violation, and I think it's a 14th Amendment constitutional violation of due process. In terms of the other elements of the... What violation of due process is there independent of the arrest, which is a Fourth Amendment claim? In the Manuel case, the Supreme Court treated claims of this sort as Fourth Amendment claims. Why shouldn't we be doing the same? I would be happy to do that, Your Honor. I looked at it more in terms of... Well, you say you're happy for us to do that, but the district court said that if this is a Fourth Amendment claim, the suit is untimely, because filed more than two years after the events. In that case, the malicious prosecution case would not be untimely. An arrest case might be untimely, but the prosecution case... No, maybe my question isn't clear. The Supreme Court abolished the category of Fourth Amendment malicious prosecution cases and said, it is simply a Fourth Amendment case. Your brief doesn't cope with what the Supreme Court said in Manuel is the right basis of litigation like this. Is there any response to it? This is your chance. I do not have a response to that. I hadn't viewed it in that sense, but the wrongful... The malicious prosecution under state law is a viable case. Malicious prosecution under state law belongs in state court. You get to be in federal court if you have a federal claim, and the Supreme Court said in Manuel that the federal claim is a Fourth Amendment claim. That's why I'm asking about it. Well, let me go to the other elements if I can. In terms of malice, the district court indicated that the case was like the Welton case and all we had done was state conclusions, but that did not account for the detailing of the perjured affidavit and the conspiracy of the two law enforcement officers, nor for the... In terms of malice, the rule itself, as quoted frequently, says that the malice can be inferred from failure to investigate, malice can be inferred from lack of probable cause, all of which exist in this case. As to the... As to the other elements, I'll pass it to you. Thank you, counsel. Mr. Paul. May it please the court. Good morning. Daniel Paul, William Sparrett, Murkowski, Greenwood, Indiana, on behalf of the defendant at police, Doyle Wright, in the city of Clinton. I think it's important to start off with what...  And I think the appellant just conceded that the two federal claims that the district court issued a ruling on that weren't remanded back to the state court were a claim for false arrest, which the panel pointed out correctly was dismissed having found that it was filed more than two years after it accrued, and a claim for malicious prosecution. Now, both of those counts on the federal side of things came as a result of a Second Amendment complaint filed by plaintiff. The case was originally... I noticed that your brief, too, does not mention Manuel. Correct. Do you have any views on that? On the question of the... Well, I think we concentrate a little bit more on the fact that under the standard that they did not elucidate, that it is correct to state that if... The circumstances on which the plaintiff is relying predate what seems to me an authoritative decision by the Supreme Court. Neither side has discussed the meaning of the Supreme Court's decision. What kind of position does that put us in? Well, and I think that here, I don't even know if you necessarily have to get to that in light of how this was first pled, and then how the district court came down on it. When you view it through the lens from a pleading perspective, generally starting with Ashcroft versus Iqbal, and then more specifically, when you get to the malicious prosecution side of things, through Welton versus Anderson, a decision of this circuit. I don't even necessarily believe that, given the manner that this was pled, that you even necessarily have to get to that, because on the Fourth Amendment side, the claim was just simply untimely. It's just not... I don't think there's much dispute. You don't think there's much dispute? You obviously haven't read Manuel. It says there's a big question about what the timeliness rule is. It remands to this circuit to resolve that question. We have the remand in Manuel under advisement. And the parties have ignored the fact that the Supreme Court has itself marked the timeliness rule in the wake of its decision as a very difficult issue. And no one's discussing it. And so that I'm clear, are you referring to specifically the Fourth Amendment false arrest claim, or as it relates to the malicious prosecution claim? The Supreme Court abolished Fourth Amendment malicious prosecution in Manuel. Not that anybody's brief discusses it. It certainly would have helped the court had the parties discussed the controlling Supreme Court case. So, when we look at, again, the standard I think that is laid out in Welton, which is the case that is essentially on point to this case, the importance in order to proceed with any 1983 action is that the first inquiry is whether the plaintiff's been deprived of a specific right secured by the Constitution or the laws of the U.S. Now, the Welton case talks a lot about, and the plaintiff's brief indicated, that there might be some question as to what would constitute an appropriate pleading for malicious prosecution under a 1983 standard. Now, what Welton talks about, and again, I think the way this case played out is- You are aware that the Supreme Court has disapproved this circuit's approach, which was one of the things being carried out in Welton. After the Supreme Court expressly says, Dear Seventh Circuit, you are approaching this the wrong way, why should we be looking at pre-Manuel Seventh Circuit opinions? Well, in Manuel- And again, I apologize for not having briefed Manuel. I don't have enough familiarity with that case. I came across it as I was looking. I don't have enough familiarity with that case to speak to the issue. And again, my recollection was that it was- It had abolished, again, the Fourth Amendment side of the equation for malicious prosecution claims. But again, I go back to what the plaintiff's complaint said here, which did not assert a Fourth Amendment claim in essence. So again, I'm not even certain we get to that analysis in the way that this case was played and the way that the district court- The record that the district court had before it. So, again, when you get to that question, setting aside the Fourth Amendment approach, again, because I don't know that there was a Fourth Amendment claim asserted in this, or that the manner in which this case was pled didn't, I don't think, plead a Fourth Amendment claim, either in relation to the malicious prosecution. Now, again, the false arrest claim different, of course, in terms of the timeliness factor. But when you go through the elements that would still exist, or that are required to be pled, the state law elements of the claim for malicious prosecution are one of the basis, or the absence of one of the state law elements for a claim of malicious prosecution is one of the basis, and an important basis that, again, doesn't have a bearing, I think, on the Fourth Amendment question, was that, like Welton, the plaintiff here failed to aver specifically any malice with respect to the officer's actions. And again, I don't have the, again, viewing it through a context that sets aside the question of that a Fourth Amendment claim was not asserted here, that's still a pleading requirement, if you look at it through the specific lens of Welton, as it interpreted Ashcroft in the cases thereafter. So, when you look through that lens, and the fact that the element of malice was missing, or anything for which you could infer malice from officer rights actions, then the decision of the district court is correct. Now, there's another issue that I want to, I guess, bring up in terms of how this, or the presentation that the plaintiff made, both in their brief and here to the court today. There was a relatively specific factual pattern that was presented to the court. It's important to know what we have before us here. This is strictly a pleading case, and when we look at the operative pleadings, and what is before the court, and what was before the district court on the motion to dismiss under 12b-6, the relatively detailed factual recitations that were made are not part of the record here. Additionally, when you look at specifically some of the specific arguments, particularly in the plaintiff's original brief, that were put, appellant's original brief, that were put before the court, none of those arguments were presented to the district court. The district court had before it, essentially, the 12b-6 motion to dismiss, and the plaintiff's response was that it is appropriate for federal courts to hear malicious prosecution claims under the authority set out in Julian v. Hanna. Now, as a general rule, of course that's true. It's not, well, again, I still don't believe federal courts are the most appropriate venue for malicious prosecution claims, because as the court is aware, and as most of these cases indicate, there's not a constitutional right not to be prosecuted without probable cause. But important to note that before the district court was, in essence, none of the specific arguments that are made out in the plaintiff's brief here. The specific arguments about why the pleading was sufficient to satisfy the pleading standard for a federal malicious prosecution claim. Again, plaintiff's, the sum total of plaintiff's argument before the district court was that a malicious prosecution claim can be brought in federal which nobody contests under the Julian v. Hanna standard, but it didn't otherwise specifically aver to any of the arguments that were made in the appellant's brief, and of course, the arguments that were made for the first time on appeal are waived for purposes of what we're dealing with here. And to comment on the, and this was commented on in our brief, the circuit of course doesn't recognize, the plaintiff argued that it had she had asserted a Fourth Amendment claim. Again, in the absence of it being in her brief. But of course, the circuit doesn't recognize the continuing seizure issue under the Fourth Amendment after an arraignment. So, those are just a few of the points that I want to clean up a little bit to make sure we have the record that we have before us. So, unless there are any more specific questions by the judges, I'm Thank you, counsel. Thank you, judge. Anything further, Mr. Ayers? Your Honor, just that if it should be within the purview of the court's desires, I think most district, Paul and I would welcome the opportunity to do that briefing. Thank you very much. The case is taken under advisement.